**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

CHARLES NEWMAN SIMON, JR. (#315737)                    CIVIL ACTION

VERSUS

RICHARD L. STALDER                              NO. 10-0496-FJP-CN

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, August 20, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CHARLES NEWMAN SIMON, JR. (#315737)          CIVIL ACTION

VERSUS

RICHARD L. STALDER                           NO. 10-0496-FJP-CN

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Richland Parish Detention Center, Rayville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against former Secretary Richard L. Stalder.  The plaintiff complains that the 1995 amendment of La. R.S. 15:571.4, which increased the amount of good-time credit which he may lose per month, has resulted in a unilateral modification of the terms of his written agreement with prison officials, and that the application of this statute to his sentence, which predated the amendment, has violated the ex post facto clause and the impairments of contracts clause of the United States Constitution.  The plaintiff prays for restoration of good-time credits which have been wrongly forfeited and for monetary damages for the defendant's alleged wrongful conduct.

Pursuant to 28 U.S.C. § 1915(e), the Court is authorized to dismiss an action brought in forma pauperis if the Court determines that the claim asserted therein is frivolous, malicious, or fails to state a claim upon which relief may be granted.  Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).  An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law.  Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338

(1989); <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995).  In addition, a § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.  <u>Cf.</u>, <u>Green v. McKaskle</u>, <u>supra</u>.

In his Complaint, the plaintiff alleges that in 1992, he was sentenced to a term of twenty (20) years in confinement based upon a plea agreement, at which time he was advised by his attorney and by the prosecution of (1) the amount of good-time credit which he was eligible to receive each month toward diminution of his period of confinement and (2) the amount of good-time which he could potentially lose per month upon a violation of prison rules.  He then executed a written document, in December, 1993, pursuant to which he opted to receive an increased rate of good-time in exchange for a waiver of prison wages.  The plaintiff asserts that this document explicitly stated that he "could fail to earn good-time in accordance with the law", and he contends that this "meant the laws in effect on the date he signed said form," which at that time allowed for a monthly forfeiture of up to thirty (30) days of accrued good-time credits.  Notwithstanding, pursuant to Act 980 of 1995, which amended La. R.S. 15:571.4, he has been subjected to forfeitures of up to 180 days per month of accrued good-time for disciplinary violations.  The plaintiff complains that, by the amendment of La. R.S. 15:571.4, the defendants have violated the <u>ex post facto</u> and impairment of contracts provisions of the United States Constitution. He further complains that his habeas corpus petition which he filed in state court, which raised these same issues, was wrongly denied.  <u>See</u> <u>Simon v. Stalder</u>, 2008 WL 4763512 (La. App. 1st Cir., Oct. 31, 2008).

The plaintiff's claim is not properly before this Court. Specifically, his claim that the 1995 statutory amendment of La. R.S.

15:571.4 should not be applied to his conviction and sentence, which predated the amendment, is not ripe for consideration at this time. Instead, because the plaintiff prays in his Complaint for restoration of the wrongly forfeited good-time, his claim must be interpreted as seeking an earlier release from confinement and must, therefore, be first asserted in a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2241. See Clarke v. Stalder, 154 F.3d 186 (5th Cir. 1998), cert. denied, 525 U.S. 1151, 119 S.Ct. 1052, 143 L.Ed.2d 58 (1999). In this regard, when a prisoner brings a claim that directly or indirectly challenges the length or constitutionality of his confinement, the claim must be pursued in a habeas corpus proceeding. Serio v. Members of the Louisiana State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987). Accordingly, because the plaintiff complains of the forfeiture of good-time credits which would have entitled him to earlier release, and seeks restoration of such credits, his claim necessarily calls into question the duration of his confinement, and he must therefore first pursue this claim in a habeas corpus proceeding, not in this civil rights proceeding brought pursuant to 42 U.S.C. § 1983. See Beebe v. Phelps, 650 F.2d 774 (5th Cir. 1981) ("a writ of habeas corpus is the proper federal remedy of a state prisoner seeking speedier release" through a restoration of good-time credits); Poullard v. Stalder, 2008 WL 4372898 (W.D. La., August 7, 2008).

Further, with regard to the plaintiff's claim for monetary damages resulting from the alleged wrongful forfeiture of his good-time credits, this claim is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under Heck, a prisoner's claim for monetary damages attributable to an alleged wrongful confinement is not cognizable in federal court if a judgment in favor of

the plaintiff would necessarily imply the invalidity of such confinement. Heck v. Humphrey, supra. If so, the complaint must be dismissed unless the plaintiff can demonstrate that his period of confinement has already been invalidated or determined to be wrongful by a separate tribunal. Id. As stated in Heck:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, supra. In the present case, a determination that the plaintiff is entitled to monetary damages as a result of the alleged wrongful forfeiture of good-time credits would necessarily imply that the good-time should be restored and that the period of his confinement should correspondingly be shortened. Since the plaintiff has failed to allege that the forfeiture of his good-time credits has been invalidated or called into question in a separate proceeding, his claim for monetary relief under § 1983 resulting from such forfeiture falls squarely within the holding of Heck v. Humphrey. See Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)(applying Heck in case involving good-time credits); Clarke v. Stalder, supra. Accordingly, the plaintiff's cause of action for monetary damages under § 1983 arising out of the alleged wrongful forfeiture has not yet accrued and must be dismissed. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994)("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous").

Finally, even if the Court were to conclude that the issue is

properly before it, the Court would find that the amendment to La. R.S. 15:571.4 to allow for forfeiture of up to 180 days of good-time credits did not apply in an _ex post facto_ manner to events occurring before amendment of the statute.  In this regard, Article I, § 10 of the United States Constitution provides, in pertinent part, that "[n]o state shall ... pass any _ex post facto_ law ...."  The United States Supreme Court, however, has long recognized that the constitutional prohibition against _ex post facto_ laws applies only to criminal or penal statutes.  _Calder v. Bull_, 3 Dall. 386, 1 L.Ed. 648 (1798).  In _Rogers v. Tennessee_, 532 U.S. 451, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001), the Supreme Court quoted _Calder_ in delineating the types of laws which may run afoul of the _ex post facto_ prohibition:

> 1st. Every law that makes an action, done before the passing of the law, and which was innocent when done, criminal; and punishes such action.  2nd. Every law that aggravates a crime, or makes it greater than it was, when committed.   3rd. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.  4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.

_Rogers_, _supra_ (_quoting_ _Calder v. Bull_, _supra_).  Thus, in order for a law to be considered _ex post facto_ in application, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing the punishment for such criminal conduct.  _Lynce v. Mathis_, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997), _citing_ _Weaver v. Graham_, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).  Therefore, the _ex post facto_ clause's prohibition extends only to a statute which, "punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with a crime of any defense

available according to law at the time when the act was committed." Collins v. Youngblood, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). The paramount concern of the Constitution's ex post facto prohibition is that a person be given fair notice of a crime or of punishment for a crime prior to the crime being committed. Weaver, supra.

Based on the foregoing, the Court concludes that the amendment to La. R.S. 15:571.4 only operated to increase the potential punishment for future conduct, i.e., for future disciplinary violations; it did not, therefore, increase the plaintiff's punishment for his past criminal behavior or extend the length of his confinement in connection with his original sentence. See Thompson v. Stalder, 2010 WL 769554 (M.D. La., March 4, 2010); Poullard v. Stalder, 2008 WL 4372898 (W.D. La., August 7, 2008). See also In re Ramirez, 39 Cal.3d 931, 705 P.2d 897 (Cal. 1985), cert. denied, Ramirez v. California, 476 U.S. 1152, 106 S.Ct. 2266, 90 L.Ed.2d 711 (1986)(finding no ex post facto violation where state law was changed to increase amount of good-time which could be revoked for disciplinary violations). As noted in Poullard, supra, the reported decisions which might potentially be utilized to argue the contrary position are distinguishable on multiple fronts. See Lynce v. Mathis, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997); Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981); Beebe v. Phelps, supra; Greenfield v. Scafati, 277 F.Supp. 644 (Mass. 1967), affirmed, 390 U.S. 713, 88 S.Ct. 1409, 20 L.Ed.2d 250 (1968). Accordingly, there is no apparent violation of the ex post facto prohibition in this case.

The plaintiff also complains that the amendment of La. R.S. 15:571.4, which has caused him to forfeit excessive amounts of good-time,

has operated to impair the obligation of contracts in violation of the United States Constitution.   Specifically, he contends that this amendment abrogated the agreement which he signed with prison officials pursuant to which he opted to receive increased good-time in lieu of prison wages but which also provided that he "could fail to earn good-time in accordance with the law".   In this regard Article 1, § 10 of the Constitution provides that "[n]o State shall ... pass any ... Law impairing the Obligation of Contracts ...."   In evaluating a claim that a state has violated the Contracts Clause, however, a Court must determine whether a change in state law has "operated as a substantial impairment of a contractual relationship." Energy Reserves Group, Inc. v. Kansas Power & Light Co., 459 U.S. 400, 103 S.Ct. 697, 74 L.Ed.2d 569 (1983); Allied Structural Steel Co. v. Spannaus, 438 U.S. 234, 98 S.Ct. 2716, 57 L.Ed.2d 727 (1978).   This inquiry has three components: (1) whether there is a contractual relationship; (2) whether a change in law impairs that contractual relationship; and (3) whether the impairment is substantial.   General Motors Corp. v. Romein, 503 U.S. 181, 112 S.Ct. 1105, 117 L.Ed.2d 328 (1992).  Where substantial impairment is found, the state must demonstrate a legitimate public purpose for the regulation, such as to remedy broad and general social or economic problems.   See Energy Reserves, supra.   In determining whether the State has operated a substantial impairment of a contractual relationship, "the court should consider the expectations of the parties with respect to changes in the law." Lipscomb v. Columbus Municipal Separate School District, 269 F.3d 494 (5th Cir. 2001), cert. denied, 535 U.S. 988, 122 S.Ct. 1541, 152 L.Ed.2d 467 (2002).  The Court is also to "consider whether the industry the complaining party has entered has been regulated in the past," since "[o]ne whose rights, such as they are, are subject to state restriction,

cannot remove them from the power of the State by making a contract about them."  Energy Reserves, supra.

Based upon the foregoing, the Court concludes that the action of the State in amending La. R.S. 15:571.4 has not violated the plaintiff's constitutional rights through the substantial impairment of its contractual obligations.  In the first place, the Court does not accept the plaintiff's contention that the signed document on which he elected to earn increased good-time per month resulted in a contract between himself and the State of Louisiana.  Rather, the document amounted simply to his formal choice between two alternatives allowed under Louisiana law, i.e., a choice between receiving prison wages while earning fifteen (15) days per month of good-time, or forgoing prison wages in order to earn thirty (30) days of good-time per month.  Although the plaintiff's election was made on a signed document, this did not convert the election form into a binding contract.  See Lay v. Donnelly, 1990 WL 161064 (E.D. La., Oct. 11, 1990)(finding that the double good-time election form "was not a contract").  See also Bancroft v. Department of Corrections, 635 So.2d 738 (La. App. 1st Cir. 1994)("[T]he rate option form ... has been held ... not to be a contract ....").  Accordingly, in the absence of a binding contract between the plaintiff and the State, there can be no contractual impairment within the meaning of Article I, § 10, of the United States Constitution.

Further, even were the plaintiff's election form viewed to be a binding contract, the Court would nonetheless conclude that the State's amendment of La. 15:571.4 did not result in a "substantial" impairment of the contractual agreement.  In fact, it does not appear that there has been any real alteration in the basic terms of the agreement whereby the plaintiff elected to forgo prison wages in exchange for increased good-

time.  The plaintiff apparently continues to earn increased good-time in lieu of incentive wages, and although he complains that he has been made to forfeit excessive amounts of good-time subsequent to the agreement, the form which he executed in order to make his election did not, according to the plaintiff, explicitly preclude such conduct.  To the contrary, the plaintiff asserts only that the form indicated that he "could fail to earn good-time in accordance with the law" for disciplinary violations.  He does not assert that the form indicated the maximum amount of good-time which he could potentially lose per month.  Accordingly, the form itself did not prohibit the State from specifying additional amounts of good-time which could be forfeited for future disciplinary violations.  The mere fact that thirty (30) days of good-time per month was the maximum allowable forfeiture at that time does not support a reasonable expectation on the plaintiff's part that this provision, subject to regulation by the State, was forever inviolate.  Rather, the Court concludes that this statutory provision was neither essential nor an integral part of the plaintiff's agreement.  Accordingly, because the core purpose of the plaintiff's election – which the Court finds to have been the receipt of increased good-time – was and has been honored, the agreement between the plaintiff and the State has not been substantially altered or impaired.  For this reason, the Court

finds no violation of the Contracts Clause of the United States Constitution.

<u>RECOMMENDATION</u>

It is recommended that the plaintiff's claims be dismissed as legally frivolous within the meaning of 28 U.S.C. § 1915(e), and that this action be dismissed, with prejudice, at least until the provisions of <u>Heck v. Humphrey</u>, <u>supra</u>, and <u>Edwards v. Balisok</u>, <u>supra</u>, are satisfied.[1]

Signed in chambers in Baton Rouge, Louisiana, August 20, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1]   Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."